653 N.W.2d 182 (2002)
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Brian CHERRY, Defendant Appellant.
Docket No. 121398, COA No. 224544.
Supreme Court of Michigan.
November 20, 2002.
On order of the Court, the delayed application for leave to appeal from the March 8, 2002 decision of the Court of Appeals is considered, and, pursuant to MCR 7.302(F)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals and VACATE defendant's conviction for unarmed robbery. Pursuant to this Court's opinion in People v. Randolph, 466 Mich. 532, 648 N.W.2d 164 (2002), there was insufficient evidence of unarmed robbery in this case. We REMAND this case to the Kent Circuit Court for entry of a conviction of first-degree retail fraud and for resentencing.
MARKMAN J., concurs and states as follows:
I concur in the decision to reverse the judgment of the Court of Appeals on the basis of the majority opinion in People v. Randolph, 466 Mich. 532, 648 N.W.2d 164 (2002). I write separately because I continue to adhere to the views expressed in my dissent in Randolph.
In this case, as in Randolph, the defendant went into a retail store, stole merchandise, and then departed while under store surveillance. Once outside, the defendant was confronted in the parking lot by a store security guard with whom he engaged in a physical struggle. As a result of Randolph, in which the majority concluded that "the force used to accomplish the taking underlying a charge of [ ] robbery must be contemporaneous with the taking," id. at 536, 648 N.W.2d 164, defendant here can be convicted only of retail fraud, rather than unarmed robbery. For the reasons set forth in my dissent, I believe that this is a seriously flawed result and misapprehends the statutory and common law of robbery in Michigan. Instead, I continue to believe that the "transactional view" of robbery better reflects this law.
[A] person can be convicted of robbery if, before reaching a place of temporary safety, such person uses force to permanently deprive an owner of the *183 actual or constructive possession of his property. Such force may either be employed in initially taking the property, in attempting to retain the property, or in attempting to escape with the property. [Id. at 586, 648 N.W.2d 164, MARKMAN J., dissenting.]
Thus, I believe that the Court of Appeals in its pre-Randolph decision reached the correct result in adopting the "transactional approach" to robbery. Nonetheless, because I agree that this case is on all fours with Randolph and because a contrary result is therefore mandated, I concur with the Court's decision.
CORRIGAN, C.J., concurs in the statement of MARKMAN, J.
WEAVER, J., would deny leave to appeal for the reasons stated in the dissenting opinion in People v. Randolph, 466 Mich. 532, 648 N.W.2d 164 (2002).